# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PAULA J. DYE, *Individually and as Executrix of the Estate of and on behalf of Lowell B. Dye*, : <br> Plaintiffs, : <br> : <br> vs. : <br> : <br> FORMICA CORPORATION EMPLOYEE RETIREMENT PLAN, *et al.*, : <br> Defendants. | Case No. 1:18-cv-155 <br><br> Judge Timothy S. Black |

## ORDER GRANTING DEFENDANTS'
## MOTION TO DISMISS (Doc. 9)

This civil case is before the Court on the motion of Defendants to dismiss Plaintiffs' Complaint (Doc. 9) as well as the parties' responsive memoranda (Docs. 11, 12).[1]

## I.  INTRODUCTION

Plaintiff Paula J. Dye is the wife and widow of Lowell B. Dye, who was a retired employee of Formica in Hamilton County, Ohio, and the executor of Mr. Dye's estate filed in the Clermont County Probate Court as Case No. 17 ES 12426. (Doc. 1 at ¶ 5).

As a result of his employment with Formica, Mr. Dye was a "participant" as defined by ERISA in the Plan organized under and governed by ERISA. (*Id.* at ¶ 6). The

---

[1] Plaintiffs are Paula J. Dye in her individual capacity and in her capacity as Executrix of the Estate of Lowell B. Dye.

Defendants are the Formica Corporation Employee Retirement Plan ("Plan") and Formica Corporation ("Formica").

Plan designated Formica as its "administrator" as defined by ERISA. (*Id.* at ¶ 7). Formica is also a "fiduciary" as defined by ERISA. (*Id.*)

The Plan includes language that individuals in "pay status" can elect a lump sum payment upon termination of the Plan:

> Pay Status Participant. An Applicable Individual who is a Participant and is receiving an annuity form of payment as of the Final Distribution Date is entitled to continue the payment of his Applicable Plan Benefit in such annuity form of payment on and after the Final Distribution Date and, in compliance with Treasury Regulation Section 1.401(a)(9)-6, Q&A 13(c), shall be entitled hereunder to elect a new Benefit Commencement Date of his Applicable Plan Benefit (as calculated hereunder) for purposes of Sections 415 and 417 of the Code and payable in a single life annuity, a Qualified Joint and Survivor Annuity or Qualified Optional Survivor Annuity solely with his spouse (as otherwise calculated in the manner provided under the existing provisions of the Plan for such annuity forms) or a lump sum payment (as calculated under subsection (l) below).

(Plan at § 9.12(j)). The Plan then states that the lump sum payment referenced in this section is based on the pay status participant's current plan benefit:

> Pay Status Applicable Individual Lump Sum Payment. The lump sum payment of a pay status Participant under subsection (j) above or a pay status surviving spouse, survivor annuitant beneficiary or QDRO alternate payee under subsection (k) above shall be equal to the Actuarial Present Value of this such Applicable Plan Benefit as described in subsection (j) or (k) (as calculated using the Code Section 417(e) actuarial assumptions as provided under the definition of Actuarial Present Value), which shall be calculated as the present value of his such Applicable Plan Benefit as payable in the exact annuity form of payment he is receiving his Applicable Plan benefit as of the Final Distribution Date as an immediate annuity (<u>i.e.</u>, as such annuity form of payment commencing on the Benefit Commencement Date of the Applicable Plan Benefit).

(Plan at 9.12(l)).

On January 12, 2017, Formica executed a Second Amendment to the Plan, which terminated the Plan "effective March 31, 2017[.]" (Doc. 9-3 at 1). On January 13, 2017, Defendants sent Plaintiffs a "Notice of Intent to Terminate" ("NOIT") the Plan effective March 31, 2017. (Doc. 1 at ¶ 8). The NOIT further informed them that, as a vested Participant in the Plan, they would have the option of electing how to receive a distribution of the remaining Plan benefits, either as a lump sum payment or an annuity payment. (*Id.*) Due to the ill health of Mr. Dye, Plaintiffs planned and intended to immediately elect a lump sum payment which, at the time of the Plan termination, was $48,531.65. (*Id.* at ¶ 9).

Unfortunately, Mr. Dye passed away on April 22, 2017. (Doc. 1 at ¶ 11).

On April 24, 2017, Defendants sent to Mr. Dye's attention a Notice of Plan Benefits ("NOPB"), which Plaintiffs allege is the first time they received information and an election form to elect a lump sum payment from the Plan. (Doc. 1 at ¶ 10; Doc. 9-6). The NOPB states that the "commencement date of the final distribution of Plan benefits" is August 1, 2017. (Doc. 9-6 at 2).

Subsequent to Mr. Dye's death and having finally received the election forms and information, Plaintiffs completed the forms electing a lump sum payment in the amount of $48,531.65 and hand delivered them to Defendants. (Doc. 1 at ¶ 13). On October 26, 2017, Defendants provided a written response denying Plaintiffs' requested benefits. (*Id.* at ¶ 16; Doc. 9-8).

Defendants' October 26, 2017 communication explained that, on the date he passed away, Mr. Dye was "receiving a retirement benefit from the Plan in the form of a single life annuity" and that, under the annuity form of payment, "no further payments are made to any person beginning with the month after the month of his death." (Doc. 9-8 at 1). Defendants explained that the Third Amendment to the Plan added a lump sum option, but that option did not become available until August 1, 2017, the "final distribution date of Plan benefits in connection with the termination of the Plan." (*Id.* at 2). Defendants denied Plaintiffs' request for a lump sum because Mr. Dye passed away prior to that date. (*Id.*)

## II.  STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555

(citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed.  *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

Where, as here, a policy grants a plan administrator discretion to interpret the policy, courts apply the deferential arbitrary and capricious standard of review to the administrator's decision.  *Barber v. Lincoln Nat'l Life Ins. Co.*, 722 Fed. Appx. 470, 471 (6th Cir. 2018) (citation omitted).  Accordingly, evaluation of Defendants' motion hinges on whether or not "the facts in the complaint, taken as true, plausibly show that [Defendants] interpreted the policy arbitrarily and capriciously."  *Id.*

Typically, the Court cannot consider matters outside the four corners of the complaint when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 499 (S.D. Ohio 2012) (citation omitted).  However, the Court may consider documents that a defendant attaches to its motion to

dismiss if the documents are referred to in the complaint and central to the plaintiff's claims. *Id.* Here, the Court has considered the following documents, all of which are referred to in the Complaint and central to Plaintiffs' claims: (1) the Plan's governing documents, including the 2015 Restatement of the Plan (Doc. 9-1), First Amendment to the Plan (Doc. 9-2), Second Amendment to the Plan (Doc. 9-3), and Third Amendment to the Plan (Doc. 9-4); (2) the NOIT (Doc. 9-5); the NOPB (Doc. 9-6); an August 15, 2017 communication from Plaintiffs' attorney to Defendants (Doc. 9-7) and the October 26, 2017 letter from Defendants denying Plaintiffs' benefits (Doc. 9-8).

## IV. ANALYSIS

### A. Count One.

Count One of the Complaint asserts a claim under ERISA § 502(a)(1)(B), which allows for a civil action to be brought by a participant or beneficiary "to recover the benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Count One seeks "the lump sum payment benefit of Lowell B. Dye's ERISA plan which is being held and administered by Defendants." (Doc. 1 at ¶ 21).

Defendants argue Plaintiffs are not entitled to the lump sum they request in Count One because Mr. Dye passed away prior to the Plan's final distribution date of August 1, 2017. (Doc. 9 at PID ## 251-53).

The Court agrees. The Plan expressly states that only an individual "who is a Participant and is receiving an annuity form of payment as of the Final Distribution Date" is entitled to continue the payment of his benefits via, *inter alia*, a lump sum payment.

(Plan at § 9.12(j)).  Unfortunately, Mr. Dye passed away on April 22, 2017, was not (and does not allege that he was) "receiving an annuity form of payment" as of the August 1, 2017 final distribution date, and was accordingly not entitled to elect the lump sum option pursuant to the plain language of the Plan.

In any event, the value of the lump sum payment under the Plan is to be "calculated as the present value of [Mr. Dye's] Applicable Plan Benefit as payable in the exact annuity form of payment he is receiving his Applicable Plan Benefit **as of the Final Distribution Date**[.]"  (Plan § 9.12(l) (emphasis supplied)).  Plaintiffs do not allege Mr. Dye was receiving any Plan benefits as of the August 1, 2017 final distribution date, several months after his passing.  Accordingly, even if Mr. Dye were in the class of persons permitted to seek a lump sum under the terms of Plan § 9.12(j) (and he was not), the value of that lump sum payment would be zero.

Plaintiffs' arguments to the contrary lack merit.  First, Plaintiffs argue Mr. Dye was still alive and receiving benefits on March 31, 2017, which Plaintiffs argue is the actual termination of the Plan. (Doc. 11 at 4).  This argument fails because the Plan expressly conditions the availability, and the amount, of the lump sum payment on the benefits an individual is receiving on the August 1, 2017 <u>final distribution date</u>, and it is undisputed that Mr. Dye was not receiving benefits on the final distribution date after unfortunately passing away several months prior.

Second, Plaintiffs argue that, equitably, the money should be paid to Mr. Dye instead of becoming part of the Plan's residual value. (Doc. 11 at 4). Respectfully, Defendants have a fiduciary duty to administer the Plan in accordance with its terms, *see*

29 U.S.C. § 1104(a)(1)(D), and Mr. Dye was not entitled to a lump sum payment under the plain terms of the Plan.

    **B.    Count Two.**

Count Two of the Complaint asserts a claim under ERISA § 503, which states:

> In accordance with the regulations of the Secretary, every employee benefit plan shall-
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. Count Two alleges Plaintiffs "made a claim for the ERISA benefits to which they were entitled to Defendants, in accord with all applicable procedural rules," but Defendants denied Plaintiffs benefits, failed to provide a legitimate reason for the denial, and failed to fully and fairly review Plaintiffs' claim, all in violation of ERISA's (and the Plan's) procedural rules. (Doc. 1 at ¶¶ 24-25). Count Two seeks the accrued lump sum payment of benefits sought in Count One. (*Id.* at ¶ 26).

Defendants argue Count Two fails for multiple reasons. (Doc. 9 at PID # 253-255). Plaintiffs did not present any argument or authority in support of Count Two in their opposition to Defendants' motion to dismiss. The Court agrees with Defendants that Count Two fails to state a claim and should be dismissed.

First, Count Two's conclusory allegations do not state a plausible right to relief. Plaintiffs have not identified any procedural rule that Defendants allegedly failed to comply with, nor have they asserted facts from which the Court could conclude a plausible violation of any such procedural rule.[2]

Second, and in any event, violation of Section 503's procedural requirements may be probative of whether the decision to deny benefits was proper but does not entitle the claimant to a substantive remedy. *Greer v. Operating Eng'rs Local 324 Pension Fund*, No. 17-11832, 2017 U.S. Dist. LEXIS 144278, at * 7 (E.D. Mich. Sept. 6, 2017); *see also Prince v. P&G*, Case No. 1:13-cv-902, 2015 U.S. Dist. LEXIS 70408, at * 22 (S.D. Ohio May 22, 2014) (the penalty for failure to meet the DOL's claim regulation (29 C.F.R. § 2560.503-1) is simply immediate access to judicial review for the participant). Here, Plaintiffs did not plead a plausible procedural violation, but even if they had, it would not entitle Plaintiffs to the lump sum they seek as a remedy.

C.   **Count Three.**

Count Three asserts a claim for breach of fiduciary duties pursuant to ERISA § 502(a), which permits civil actions by participants, beneficiaries, or fiduciaries:

> (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan

---

[2] The Court notes the only adverse determination referenced in the Complaint—Defendants' October 26, 2017 letter (Doc. 9-8)—was sent in response to Plaintiffs' August 15, 2017 letter, and accordingly complies with the DOL's position that claims administrators should notify claimants within 90 days of an adverse benefit determination. *See* 29 C.F.R. § 2560.503-1.

29 U.S.C. § 1132(a)(3). Count Three alleges Plaintiffs requested information from Defendants they were entitled to under ERISA in June 2017; Defendants had a fiduciary duty to provide the requested information to Plaintiffs within thirty days; and Defendants breached that fiduciary duty by not responding until October 26, 2017. (Doc. 1 at ¶¶ 28-29). As a proximate result of Defendants' breach of fiduciary duties, Plaintiffs allege they "have been denied the benefits they are entitled to, at the time of plan termination $48,531.65 in a lump sum payment distribution." (*Id.* at ¶ 32).

Defendants argue Count Three should be dismissed for failure to state a claim. (Doc. 9 at PID ## 255-257). The Court agrees.

First, Count Three's conclusory allegations do not state a plausible right to relief. Count Three does not state what information Plaintiffs sought or explain what procedural rule Defendants violated by failing to produce it.[3]

Second, Count Three is duplicative of, and seeks to redress the same injury as, Count One. A claimant can pursue a breach-of-fiduciary duty claim under 29 U.S.C. § 1332(a)(3), irrespective of the degree of success obtained on a claim for recovery of benefits under § 1132(a)(1)(B), <u>only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded</u>

---

[3] Though Plaintiffs did not explain what information they sought or why they were entitled to it, the Court is cognizant that administrators are required to produce certain documents, including, *inter alia*, the summary plan description, annual report, terminal report, bargaining agreement, and pension benefit statement, within 30 days "upon written request." *See* 29 U.S.C. § 1024(b)(4), 29 U.S.C. § 1025(a). The Complaint does not allege a plausible violation of either of these provisions; the Complaint does not allege that Plaintiffs sought any of aforementioned documents, nor does it allege Plaintiffs made those requests <u>in writing</u>.

by Congress under 29 U.S.C. § 1132(a)(1)(B) is otherwise shown to be inadequate. *Rochow v. Life Insurance Co.*, 780 F.3d 364, 372 (6th Cir. 2015); *see also Strang v. Ford Motor Co. Gen. Retirement Plan*, 693 Fed. Appx. 400, 405 (6th Cir. 2017) (affirming trial court's dismissal of a claim for breach of fiduciary duty because "the injury for the breach of fiduciary duty and for the denial of benefits is one and the same."); *Brown v. United of Omaha Life Ins. Co.*, 661 Fed. Appx. 852, 860 (6th Cir. 2016) ("A plaintiff cannot use ERISA's catch-all provision to 'repackage' a § 502(a)(1) denial-of-benefits claim as an action for breach of fiduciary duty, or to pursue a 'duplicative or redundant remedy.'").

Here, the injury asserted in Count Three is that Plaintiffs "have been denied the benefits they are entitled to, at the time of plan termination $ 48,531.65 in a lump sum payment distribution." (Doc. 1 at ¶ 32). Plaintiffs can, and have, attempted to remedy this injury in Count One's claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Regardless of Count One's success, Plaintiffs cannot attempt to remedy the same injury by "repackaging" it as a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). *See Rochow*, 780 F.3d at 372; *Strang*, 693 Fed. Appx. at 405; *Brown*, 661 Fed. Appx. at 860.

Plaintiffs recognize the Sixth Circuit's *Strang* and *Rochow* decisions mandate dismissal of Count Three but argue other circuit courts have permitted ERISA plaintiffs to simultaneously plead claims for denial of benefits and for breach of fiduciary duty as alternative claims. (Doc. 11 at 7). Plaintiffs also argue that *Strang* had a petition for writ of certiorari pending. (*Id.*) Plaintiffs' arguments are not availing. The Supreme Court denied the petition for writ of certiorari in *Strang*, 2018 U.S. LEXIS 3855, and the rule in

the Sixth Circuit remains that a plaintiff cannot pursue a claim for breach of fiduciary duty when the <u>injury</u> upon which the claim is premised is the denial of benefits.

### D. Count Four.[4]

Count Four asserts a claim of equitable estoppel. Count Four alleges that (1) Defendants informed Plaintiffs they would have a timely opportunity and option to elect to receive plan benefits upon termination of the plan, (2) Plaintiffs relied upon and believed those representations and expected to receive the election forms promptly, (3) Defendants' statements were false in that they deliberately delayed sending out election information and forms after terminating the Plan, and (4) had Plaintiffs received the election forms on a timely basis and as expected, they would have returned them and been entitled to Plan benefits. (Doc. 1 at ¶¶ 34-38).

According to the Sixth Circuit, a party triggers equitable estoppel by conduct inconsistent with a position later adopted that prejudices the rights of the other party who detrimentally relied on the prior conduct. *Horton v. Ford Motor Co.*, 427 F.3d 382, 388 (6th Cir. 2005). A party asserting the doctrine must show: (1) conduct or language amounting to a representation of a material fact; (2) awareness of true facts by the party to be estopped; (3) an intention of the party to be estopped that the representation be acted on; (4) unawareness of the true facts by the party asserting the estoppel, and (5) detrimental and justifiable reliance by the party asserting estoppel on the

---

[4] The Complaint asserts two claims titled "Count Three." The Court refers to the second Count Three as Count Four.

representation. *Id.*[5]

Defendants argue Count Four fails as a matter of law because, *inter alia*, it does not allege detrimental reliance. (Doc. 9 at PID # 258-261). Plaintiffs do not address this claim directly in their responsive brief.

The Court agrees with Defendants. Even if Plaintiffs relied on certain statements from Defendants, that reliance did not cause the injury Count Four seeks to remedy. Pursuant to the terms of the Plan, Plaintiffs' claim was denied because Mr. Dye was no longer receiving an annuity on the final distribution date of August 1, 2017, not because of an untimely election. (Plan at § 9.12(j); Doc. 9-8). Notably, Plaintiffs do not point to any language in the Plan that supports their conclusory assertion that an earlier election would have produced a different result. Because Plaintiffs cannot meet the detrimental reliance element of their estoppel claim, Count Four fails as a matter of law. *See Bowers v. Sears, Roebuck & Co.*, Case No. 94-3917, 1996 U.S. App. LEXIS 19142, * 6 (6th Cir. July 3, 1996) ("One of the elements of an estoppel claim in an action under [ERISA] is detrimental reliance.").

---

[5] Though not necessary for the Court's analysis here, the Court notes that, to invoke estoppel in the ERISA context, a party must show these factors plus (1) a written representation, (2) plan provisions which, although unambiguous, did not allow for individual calculation of benefits, and (3) extraordinary circumstances in which the balance of equities strongly favors the application of estoppel. *Pencil v. Ohio Masonic Home Pension Plan,*, No. 3:12-cv-377, 2013 U.S. Dist. LEXIS 26828, at * 7 (S.D. Ohio Feb. 27, 2013).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 9) is **GRANTED**. The Clerk shall enter judgment accordingly, whereupon this action is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 2/21/19

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge